UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AKINS CONSTRUCTION, INC.,

    Plaintiff,

v.

NORTH AMERICAN SPECIALTY
INSURANCE COMPANY,

    Defendant.

Case No. 22-cv-11331

U.S. District Court Judge
Gershwin A. Drain

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT (ECF No. 3) AND GRANTING DEFENDANT'S MOTION TO SET ASIDE (ECF No. 4)

### I. INTRODUCTION

On March 17, 2022, Plaintiff Akins Construction, Inc. initiated this action against Defendant North American Specialty Insurance Company in the Wayne County Circuit Court, *Akins Construction, Inc. v. North American Specialty Ins. Co.*, No. 22-003191-CB (Mich. 3d Judicial Cir.). ECF No. 1, PageID.1. The Complaint was served on April 21, 2022 on the Corporation Company, purported resident agent for Defendant, at an address in Plymouth, Michigan. *Id.* at PageID.2; *see also* ECF No. 1-2, PageID.67. Defendant asserts that service was improper because the

Corporation Company is not its resident agent and Defendant does not have a resident agent in Michigan. ECF No. 1, PageID.2; *see also* ECF No. 1-3, PageID.68. Nevertheless, Defendant removed the matter to this Court on June 15, 2022 pursuant to the Court's diversity jurisdiction. ECF No. 1, PageID.2–3.

Presently before the Court are Plaintiff's Motion for Default Judgment. ECF No. 3. Defendant responded to the Motion, ECF No. 9, and Plaintiff failed to timely reply, *see* E.D. Mich. LR 7.1(e)(1). Also before the Court is Defendants' Motion to Set Aside Default. ECF No. 4. Plaintiff responded to the Motion, ECF No. 5, and Defendant replied, ECF No. 6. Upon review of the Parties' submissions, the Court concludes that oral argument will not aid in the disposition of these matters. Therefore, the Court will resolve the Motions on the briefs. *See* E.D. Mich. LR 7.1(f)(2). For the following reasons, the Court **DENIES** Plaintiff's Motion for Default Judgment (ECF No. 3) and **GRANTS** Defendants' Motion to Set Aside Default (ECF No. 4).

## II. BACKGROUND

### A. Factual Background

Non-Party River Houze, LLC ("River Houze") owns the Jeffersonian Houze Apartment Building in Detroit, Michigan (the "Property"). ECF No. 1-1, PageID.6. River Houz hired Eagle Construction as a general contractor for various projects on

the Property. ECF No. 9, PageID.190. Eagle Construction Services ("Eagle Construction") retained Plaintiff as a subcontractor to conduct exterior façade repairs, balcony repairs, and parking garage repairs to during the summer and fall of 2020. ECF No. 9-1, PageID.208; ECF No. 1-1, PageID.7. In the Complaint, Plaintiff alleges that River Houze agreed that the price structure for the repairs would be based on "time and materials." *Id.* at PageID.7. However, the copy of the subcontractor agreement attached to Defendant's Response states that the estimated total project cost was $283,030.00 and that Eagle Construction agreed to pay Plaintiff that amount "for the satisfactory performance" of Plaintiff's work in accordance with the terms and conditions of the subcontractor agreement. ECF No. 9-1, PageID.208. Plaintiff asserts the subcontractor agreement "is separate from the instant case."[1] ECF No. 1-1, PageID.7.

It is unclear whether Plaintiff completed the agreed-upon work,[2] but Plaintiff requested an additional $740,000 in payment. ECF No. 9, PageID.190. River Houze and Eagle Construction have refused to pay this amount.

---

[1] Plaintiff also notes that it has filed an arbitration claim based on the subcontractor agreement that is stayed "pending the outcome of mediation between the principals and River Houze." ECF No. 1-1, PageID.7 n.1.
[2] Plaintiff implies that it did while not stating so outright. ECF No. 1-1, PageID.7. Defendant's assert Plaintiff had only finished some of the work on the Property before demanding payment. ECF No. 9, PageID.190.

### B. Procedural Background

Plaintiff recorded claims of lien on the Property, which were later amended. *Id.* at PageID.7–8. On April 7, 2021, Eagle Construction, with Defendant as Surety, executed a bond to discharge construction liens. ECF No. 9-3. Plaintiff responded by filing a lawsuit in Wayne County Circuit Court against, *inter alia*, Defendant and River Houze for breach of contract, unjust enrichment, recovery upon lien bond, and third-party beneficiary contract claims. *Id*. However, Plaintiff failed to properly serve Defendant in that matter, and the case has since been closed via "miscellaneous disposition." *Id*; ECF No. 9-4, PageID.231.

Plaintiff then filed the instant action seeking recovery on lien bond (Count I) and breach of contract as a third-party beneficiary (Count II). *Id.* at PageID.911. After unsuccessfully attempting service by certified mail, Plaintiff personally served the Summons and Complaint on the Corporation Company on April 21, 2022. ECF No. 3, PageID.73. On April 26, 2022, Plaintiff's counsel also emailed Attorney Patrick Lannen, who is representing Defendant in a related matter (*Mid-American Group v. North American Specialty Ins. Co.*, No. 22-001812-C (Mich. 3d Judicial Cir.), but Attorney Lannen never responded. *Id*. The Clerk of the Wayne County Circuit Court entered default against Defendant on May 13, 2022. ECF No. 3-5, PageID.95. Plaintiff certified that it mailed a copy of the default entry to Defendant's or its attorneys' last known address on June 9, 2022. ECF No. 3-6,

4

PageID.97.  As stated, Defendant then removed this matter to this Court on June 15, 2022.  ECF No. 1.

### III.  LAW & ANALYSIS

#### A. Legal Standard

"After removal, the federal court takes the case up where the State court left it off."  *Burniac v. Wells Fargo Bank, N.A.*, 810 F.3d 429, 433 (6th Cir. 2016) (quoting *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Loc. No. 70 of Alameda Cnty.*, 415 U.S. 423, 436 (1974)).  However, "once a case has been removed to federal court, it is settled that federal rather than state law governs the future course of proceedings, notwithstanding state court orders issued prior to removal."  *Granny Goose Foods*, 415 U.S. at 436.

#### 1. Plaintiff's Motion for Default Judgment

Whether to enter default judgment falls within the Court's discretion. *Varilease Fin., Inc. v. EarthColor, Inc.*, No. 18-CV-11390, 2019 WL 1254035, at *1 (E.D. Mich. Mar. 19, 2019); *see also* 10A Charles A. Wright, Arthur R. Miller, and Mary K. Kane, Fed. Prac. & Proc. Civ. § 2685 (4th ed. 2022) ("This element of discretion makes it clear that the party making the request is not entitled to a default judgment as of right, even when defendant is technically in default and that fact has

been noted under Rule 55(a)."). Courts often consider the following factors in determining whether to enter default judgment:

> the amount of money potentially involved; whether material issues of fact or issues of substantial public importance are at issue; whether the default is largely technical; whether plaintiff has been substantially prejudiced by the delay involved; and whether the grounds for default are clearly established or are in doubt. Furthermore, the court may consider how harsh an effect a default judgment might have; or whether the default was caused by a good-faith mistake or by excusable or inexcusable neglect on the part of the defendant.

*Varilease Fin., Inc. v. EarthColor, Inc.*, No. 18-CV-11390, 2019 WL 1254035, at *2 (E.D. Mich. Mar. 19, 2019) (quoting 10A Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. § 2685 (3d ed.)).

However, "without proper service of process, consent, waiver, or forfeiture, a court may not exercise personal jurisdiction over a named defendant." *King v. Taylor*, 694 F.3d 650, 655 (6th Cir. 2012). "Accordingly, 'if service of process was not proper, the court must set aside an entry of default.'" *Lu v. SAP Am., Inc.*, No. 22-1253, 2022 WL 13983546, at *3 (6th Cir. Oct. 24, 2022) (quoting *O.J. Distrib., Inc. v. Hornell Brewing Co.*, 340 F.3d 345, 352 (6th Cir. 2003), *abrogated on other grounds by Morgan v. Sundance, Inc.*, 142 S. Ct. 1708, 1712 (2022)).

2. **Defendant's Motion to Set Aside**

Separately, Federal Rule of Civil Procedure 55(c) allows courts to "set aside an entry of default for good cause." The Sixth Circuit has established a three-factor

test to determine whether a defendant has established good cause. *See Berthelsen v. Kane*, 907 F.2d 617, 620 (6th Cir. 1990). "First, the court must determine whether the plaintiff will be prejudiced from reopening the case. Then the inquiry turns to whether the defendant has a meritorious defense. Finally, the court must examine whether culpable conduct of the defendant led to the default." *Id*.

A "district court enjoys considerable latitude . . . to grant a defendant relief from a default entry." *United States v. Real Property, All Furnishings Known as Bridwell's Grocery*, 195 F.3d 8119, 820 (6th Cir.1999) (internal quotation marks and citation omitted). However, "[t]rials on the merits are favored in the federal courts," so "[a]ny doubt should be resolved in favor of the petition to set aside the judgment so that cases may be decided on their merits." *Courser v. Allard*, 969 F.3d 604, 624 (6th Cir. 2020) (alteration in original) (quoting *United Coin Meter Co. v. Seaboard Coastline R.R.*, 705 F.2d 839, 846 (6th Cir. 1983)). Thus, "when the first two factors militate in favor of setting aside the entry, it is an abuse of discretion for a district court to deny a Rule 55(c) motion in the absence of a willful failure of the moving party to appear and plead." *Shepard Claims Serv., Inc. v. William Darrah & Assoc.*, 796 F.2d 190, 194 (6th Cir.1986); *see also United States v. $22,050.00 U.S. Currency*, 595 F.3d 318, 324 (6th Cir. 2010) (quoting *Shepard*).

## B. Discussion

### 1. Plaintiff's Motion for Default Judgment

Pursuant to Federal Rule of Civil Procedure 4(h), corporations must be served in a judicial district of the United States in accordance with state law or

> by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant[.]

Fed. R. Civ. P. 4(h)(1). The relevant Michigan court rules provides that service of process may be made on a domestic or foreign corporation by:

> (1) serving a summons and a copy of the complaint on an officer or the resident agent;
>
> (2) serving a summons and a copy of the complaint on a director, trustee, or person in charge of an office or business establishment of the corporation and sending a summons and a copy of the complaint by registered mail, addressed to the principal office of the corporation;
>
> (3) serving a summons and a copy of the complaint on the last presiding officer, president, cashier, secretary, or treasurer of a corporation that has ceased to do business by failing to keep up its organization by the appointment of officers or otherwise, or whose term of existence has expired;
>
> (4) sending a summons and a copy of the complaint by registered mail to the corporation or an appropriate corporation officer and to the Michigan Bureau of Commercial Services, Corporation Division if

>> (a) the corporation has failed to appoint and maintain a resident agent or to file a certificate of that appointment as required by law;
>
> (b) the corporation has failed to keep up its organization by the appointment of officers or otherwise; or
>
> (c) the corporation's term of existence has expired.

Mich. Ct. R. 2.105.

Plaintiff first attempted to serve Defendant by sending a copy of the Summons and Complaint to the Corporation Company via certified mail on March 21, 2022. ECF No. 3, PageID.73. The tracking history attached to Plaintiff's Motion for Default Judgment states the mail was delivered to the "front desk, reception area, or mail room." ECF No. 3-2, PageID.89. Even if the Corporation Company were an authorized agent of Defendant, mailing the Corporation Company the Summons and Complaint does not comply with Fed. R. Civ. P. 4(h)(1) or Mich. Ct. R. 2.105. *See Johnson v. Stellantis Auto. Grp.*, No. 22-10777, 2022 WL 6281418, at *2 (E.D. Mich. Sept. 13, 2022) (finding that mailing summons and complaint via certified mail did not amount to "deliver[ing] a copy" within the meaning of Fed. R. Civ. P. 4(h)(1)), *report and recommendation adopted,* No. 22-10777, 2022 WL 6172207 (E.D. Mich. Oct. 7, 2022); *see also Burniac v. Wells Fargo Bank, N.A.*, No. 13-CV-12741, 2013 WL 6631582, at *3 (E.D. Mich. Dec. 17, 2013) ("Michigan law does not permit service on a corporation by mail alone, certified, registered or otherwise.

Mailing must be accompanied by personal service of the agent." (quoting *Etherly v. Rehabitat Sys. of Michigan*, No. 13–11360, 2013 WL 3946079, at *1 (E.D. Mich. July 31, 2013)).

Plaintiff next attempted service by personally serving the Corporation Company, as Defendant's purported registered agent, on April 21, 2022. ECF No. 3, PageID.73; ECF No. 3-3, PageID.91. Defendant asserts that the Corporation Company is not its registered agent, and that it does not, in fact, have a registered agent in Michigan. ECF No. 4, PageID.103; ECF No. 9, PageID.197. In support, Defendant attaches an exhibit showing that, as of July 20, 2022, Defendant did not have any records filed with the Michigan Department of Licensing and Regulatory Affairs ("LARA"). ECF No. 4-2. However, in response to Defendant's Motion to Set Aside, Plaintiff attaches a screenshot from the Michigan Department of Insurance and Financial Services ("DIFS") showing that on March 10, 2022, the Corporation Company was Defendant's "Michigan Resident Agent – For the sole purpose of accepting legal papers for lawsuits." ECF No. 5-4, PageID.156. Defendant counters, without legal support, that the screenshot is incomplete and thus deficient. ECF No. 6, PageID.171. Defendant further contends that the DIFS website contains no record of Plaintiff's exhibit and instead shows that Defendant was acquired by or reorganized into Swiss RE Corporate Solutions America

10

Insurance Corporation effective April 29, 2022 and that the Corporation Company is a registered agent of that entity. *Id*.

The Court finds Defendant's arguments unpersuasive. While not favored, the introduction of excerpts and summary evidence is permitted by the Federal Rules of Evidence. *See* Fed. R. Evid. 106 and 1006. Moreover, the Court takes judicial notice that the webpage displayed in Plaintiff's screenshot follows the format of the company profiles available through the DIFS insurance company search. *See* Fed. R. Evid. 201. As such, it appears that the Corporation Counsel was Defendant's "Michigan Registered Agent" at least as early as March 10, 2022 and continued to be so after Defendant was acquired or reorganized on April 29, 2022. Therefore, personally serving the Corporation Counsel on April 21, 2022 constitutes proper service under Fed. R. Civ. P. 4(h)(1) and Mich. Ct. R. 2.105(1), and the entry of default need not be set aside due to lack of personal jurisdiction. Nevertheless, for the following reasons, the Court declines to enter a default judgment against Defendant and will instead set aside the entry of default.

### 2. Defendant's Motion to Set Aside

The first factor the Court must consider is whether Plaintiff will be prejudiced if the default is set aside. *Berthelsen*, 907 F.2d at 620. Plaintiff asserts that it will be prejudiced because it "is a small company that has b[orn] the cost of having in excess of a $600,000 receivable" and that it has been waiting for resolution since

11

filing its lien in January 2021, amended in March 2021. However, while the Court understands that Plaintiff would benefit from its alleged receivable, the Sixth Circuit has "held that 'mere delay in satisfying a plaintiff's claim, if it should succeed at trial, is not sufficient prejudice to require denial of a motion to set aside a default judgment.'" *Weiss v. St. Paul Fire & Marine Ins. Co.*, 283 F.3d 790, 795 (6th Cir. 2002) (quoting *United Coin Meter*, 705 F.2d at 845); *see also Dassault Systemes, SA v. Childress*, 663 F.3d 832, 842 (6th Cir. 2011) ("[I]t must be shown that delay will result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion." (citation omitted)). "Additionally, the relevant inquiry concerns the future prejudice that will result from reopening the judgment, not prejudice that has already resulted from the defendant's conduct." *Id.* (citing *Berthelsen*, 907 F.2d at 620–21). Plaintiff has not asserted that it would be prejudiced by setting aside the default in any manner other than the delay it has already suffered, so the Court finds that this factor weighs in favor of Defendant.

The second factor the Court must consider is whether Defendant has a meritorious defense. *Berthelsen*, 907 F.2d at 620. The Sixth Circuit has held "that a defense is meritorious if it is 'good at law,' regardless of whether the defense is actually likely to succeed on the merits." *$22,050.00*, 595 F.3d at 326 (quoting *Williams v. Meyer*, 346 F.3d 607, 614 (6th Cir. 2003)). "[T]he criterion is merely whether 'there is some possibility that the outcome of the suit after a full trial will

12

be contrary to the result achieved by the default.'" *Dassault*, 663 F.3d at 843 (quoting *$22,050.00*, 595 F.3d at 326).

Here, Defendant asserts that the only contract at issue in this case, and protected by the bond with Defendant as surety, is Plaintiff's subcontractor agreement with Non-Party Eagle Construction and that said subcontractor agreement contains an arbitration provision. ECF No. 4, PageID.110–11. Further, the arbitration provision states that subcontractor's "sole and exclusive" recourse for any dispute with the owner or general contractor, "regardless of the nature of the dispute" shall be to file a demand for arbitration. *Id.* at PageID.111–12. "Under the Federal Arbitration Act, 9 U.S.C. § 2, ('FAA'), a written agreement to arbitrate disputes which arises out of a contract involving transactions in interstate commerce 'shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.'" *Stout v. J.D. Byrider*, 228 F.3d 709, 714 (6th Cir. 2000). Defendant's defense is thus "good at law" and therefore meritorious.

Plaintiff counters that the contract at issue is one with Ari-El Enterprises, Inc. ("Ari-El"), a purported principal of River Houze, and attaches as exhibits proposals and invoices demonstrating its business with Ari-El. ECF No. 5, PageID.145–46; ECF No. 5-7. Notably, this argument does not undermine the "meritorious" nature of Defendant's arbitration defense; it merely impacts the likelihood of Defendant's

13

success on the merits. Regardless, Defendant responds that it does not secure Plaintiff's contracts with Ari-El; it only secures Plaintiff's subcontractor agreement with Eagle Construction. ECF No. 9, PageID.203–04. As such, Defendant contends that if Plaintiff is suing over its contracts with Ari-El, which is not, in fact, a principal of River Houze, Plaintiff is suing the wrong party. *Id.* at PageID.204–05. Defendant also argues that it would be procedurally improper for Plaintiff to attempt to "use a judgment against the bond company, assuming it had one, to serve as the judgment upon which to collect for its construction liens." *Id.* at PageID.206. These defenses are also "good at law" and therefore meritorious. Thus, the Court finds that this factor weighs in favor of setting aside the default.

Finally, the last factor a court must consider is whether the culpable conduct of the defendant led to the default. *Berthelsen*, 907 F.2d at 620. However, "when a defendant has a meritorious defense and the plaintiff would not be prejudiced, 'it is an abuse of discretion for a district court to deny a Rule 55(c) motion in the absence of a willful failure of the moving party to appear and plead.'" *$22,050.00*, 595 F.3d at 324 (quoting *Shepard*, 796 F.2d at 194). Here, while the Court found that the April 21, 2022 personal service on the Corporation Company was proper under Fed. R. Civ. P. 4(h)(1) and Mich. Ct. R. 2.105(1), Defendant maintains that it did not receive a copy of the Complaint or entry of default. ECF No. 4, PageID.103. Assuming this is true, Defendant moved to remove the matter within days of

14

receiving a courtesy copy of the entry of default.  *See* ECF No. 3-6, PageID.97; ECF No. 1.  Defense Counsel also emailed Plaintiff's Counsel several times in June and July of 2022 about stipulating to set aside the default, ECF No. 4-3, and filed Motion to Set Aside five days after Plaintiff filed its Motion for Default Judgment, ECF No. 4.  The Court notes that both appear to have engaged in gamesmanship in litigating the disputed liens; nevertheless, the Court cannot say that Defendant has willfully failed to appear and plead.  As such, the Court must set aside the default.

### IV.  CONCLUSION

Accordingly, for the reasons articulated above, **IT IS HEREBY ORDERED** that Plaintiff's Motion for Default Judgment (ECF No. 3) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Set Aside Default (ECF No. 4) is **GRANTED**.

**IT IS SO ORDERED**.

/s/ Gershwin Drain
GERSHWIN A. DRAIN
UNITED STATES DISTRICT JUDGE

Dated:  January 30, 2023

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
January 30, 2023, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager