UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AKINS CONSTRUCTION, INC.,

        Plaintiff,

v.

Case No.: 22-11331
Honorable Gershwin A. Drain

NORTH AMERICAN SPECIALTY
INSURANCE COMPANY,

        Defendant.
_____/

**OPINION AND ORDER GRANTING PLAINTIFF'S MOTION TO ENFORCE ARBITRATION [#21], STRIKING DEFENDANT'S SUR-REPLY [#29], CANCELLING HEARING AND ADMINISTRATIVELY CLOSING CASE**

### I.   INTRODUCTION

Plaintiff Akins Construction, Inc. filed the instant action in the Wayne County Circuit Court to recover on construction liens filed against the 30-story, Jeffersonian Houze Apartment Building (the "Property") for labor and materials Plaintiff provided in connection with exterior façade, balcony, and parking garage repairs.  Plaintiff claims River Houze, LLC, the prior owner of the Jeffersonian Houze Apartment Building, refused to pay for Plaintiff's work, despite repeated

demands.[1]  After Plaintiff and its subcontractor filed construction liens, Defendant North American Specialty Insurance Company ("NASIC") filed a surety bond to purportedly remove Plaintiff's and its subcontractor's liens and litigation swiftly ensued, including the instant action.

Now before the Court is the Plaintiff's Motion to Enforce Arbitration, filed on April 14, 2023.  Defendant NASIC filed a Response on May 12, 2023. Plaintiff filed a Reply on May 19, 2023.  Without seeking leave to do so, Defendant filed a Sur-Reply on June 1, 2023.  Upon review of the parties' submissions, the Court finds that oral argument will not aid in the resolution of this matter.  Accordingly, the Court will resolve Plaintiff's Motion to Enforce Arbitration on the briefs and cancels the hearing scheduled for June 9, 2023.  *See* E.D. Mich. L.R. 7.1(f)(2).  For the reasons that follow, the Court grants Plaintiff's Motion to Enforce Arbitration and strikes Defendant's Sur-Reply.

## II.     FACTUAL BACKGROUND

River Houze contracted with Eagle Construction, LLC to perform construction repairs to the Property.  Eagle Construction contracted with Akins Construction to perform certain façade work at the Property. Plaintiff fully completed this façade work.  While Eagle Construction made some payments to

---

[1] The Property has been foreclosed and will not be redeemed.  This action is currently pending before this Court, *Federal Nat'l Mort. Assoc. v. River Houze, LLC*, No. 21-cv-10958.

Plaintiff, $165,504.44 remains unpaid.  The Eagle Construction-Akins Contract contains a broad arbitration provision, which states:  General Contractor (Eagle Construction) and Sub-Contractor (Akins) shall submit any dispute on any matters whatsoever arising out of or in any way connected with this Agreement for binding arbitration."  ECF No. 20, PageID.311.

River Houze also contracted directly with Plaintiff for additional repairs to the Property, including for parking garage work and exterior railings repairs.  In turn, Plaintiff contracted with Mid-American Gunite, Inc. d/b/a Mid-American Group ("MAG") to perform labor and provide materials in connection with the parking garage repairs.  The amount owed on the parking garage contract is $225,741.80, of which $160,422.83 is owed to MAG.  The amount owed for the exterior railing repairs is $238,463.10.  Plaintiff asserts it is owed a total of $629,709.34 for all three contracts.

Because River Houze and Eagle Construction refused to pay Plaintiff for the work it performed to the Property, Plaintiff filed a claim of lien on January 26, 2021.  Plaintiff later filed an amended claim in the amount of $629,709.34.  MAG also filed a construction lien on February 23, 2021 in the amount of $160,422.83.  On April 21, 2021, Eagle Construction served a bond to discharge the construction liens attempting to remove Akins' and MAG's construction liens.

On April 9, 2021, Eagle Construction filed a demand for arbitration concerning "Construction Dispute and filing of improper liens against Claimant." Plaintiff countersued Eagle Construction in the façade work contract. It appears this case is no longer active and settlement discussions have failed.

On May 3, 2021, Plaintiff filed the first suit in Wayne County Circuit Court against NASIC, Joe Barbat and River Houze, *Akins Construction v. River Houze, LLC*, no. 21-005512-CB, alleging breach of contract, unjust enrichment, recovery on lien bond and third-party beneficiary contract and violations of Michigan's Building Contract Fund. The first Wayne County action was closed when Ronald Glass, the Receiver appointed by this Court in the companion foreclosure action, filed a notice of stay.

On February 15, 2022, MAG filed suit against NASIC to recover on the bond in the Wayne County Circuit Court, *Mid-American Gunite, Inc. d/b/a Mid-American Group v. North American Specialty Insurance Co.*, No. 22-001812. In this second Wayne County Circuit Court case, defendants NASIC, Eagle Construction, and River Houze all moved to enforce the arbitration agreement in the Eagle Construction Akins Contract. The NASIC defendants in that case relied on the express language of the Eagle Construction Akins Contract arguing this "Agreement requires any dispute on any matter whatsoever relating to construction

4

on the Property to be submitted to arbitration." The Wayne County Circuit Court agreed and granted the defendants' request to arbitrate MAG's claim.

Thereafter, MAG filed an arbitration demand. Attorney James Case is the arbitrator. MAG has moved to join Akins Construction to the arbitration and Akins has concurred in the relief MAG seeks, however NASIC objected to MAG's joinder request. The arbitration hearing is set for October 4 through October 10, 2023.

In this case, at a status conference hearing on February 1, 2023, counsel for both parties made representations to this Court that the instant action should also be arbitrated. Akins' counsel later sought concurrence from NASIC's counsel to submit a stipulated order to arbitrate, however NASIC has rejected this proposal.

### III. LAW & ANALYSIS

#### A. Motion to Enforce Arbitration

"Arbitration is a matter of contract." *Altobelli v. Hartmann*, 499 Mich. 284, 295, 884 N.W.2d 537, 542-43 (2016) (quoting *Kaleva-NormanDickson Sch. Dist. No. 6 v. Kaleva-Norman-Dickson Sch. Teachers' Ass'n*, 393 Mich. 583, 587; 227 N.W.2d 500, 502 (1975)). And "[a] party cannot be required to arbitrate an issue which he has not agreed to submit to arbitration." *Kaleva*, 393 Mich. at 587, 227 N.W.2d 500, 502. "[T]o ascertain whether the subject matter of a dispute is of the type that parties intended to submit to arbitration," the Court begins with "the plain

5

language of the arbitration clause." *Altobelli*, 499 Mich. at 299, 884 N.W.2d at 545. The Court then considers "whether a plaintiff's particular action falls within that scope." *Ibid*. Michigan law favors arbitration.

The Michigan Court of Appeals has recognized a presumption that a matter should be arbitrated, "unless it may be said with positive assurance that the arbitration clause is not susceptible to an interpretation that covers the asserted dispute. Doubts should be resolved in favor of coverage." *Amtower v William C Roney & Co.*, 232 Mich App 226, 235; 590 NW2d 580 (1998).

Here, there is a clear and unambiguous contract that any dispute on any matters whatsoever arising out of or in any way connected with this Agreement must be sent to binding arbitration:

> Section 14: DISPUTE RESOLUTION. To facilitate resolution of disputes that may arise under this Agreement, GENERAL CONTRACTOR and Sub-Contractor shall submit any dispute on any matters whatsoever arising out of or in any way connected with this Agreement for binding arbitration.

Plaintiff argues that traditional principles of agency law bind NASIC, as a non-signatory, to the arbitration provision. Indeed, "as a matter of law, the liability of sureties is so extensive with liability of the principal in hand." *City of Ferndale v Florence Cement Co.*, 269 Mich App 452 (2006). It is undisputed that NASIC and Eagle Construction have an agent principal relationship. In fact, NASIC has filed a Counterclaim in this matter alleging that "Counterclaimant stands in Eagle's

6

shoes." ECF No. 20, PageID.286, ¶7. Eagle Construction is subject to mandatory arbitration concerning "any dispute on any matters whatsoever arising out of or in any way connected with this Agreement for binding arbitration." Moreover, the Sixth Circuit Court of Appeals has recognized that a non-signatory to a contract can be forced to arbitrate claims. In *Exchange Mutual Insurance Co., v Haskell Co.*, 742 F2d 274 (CA 6, 1984), the court held that although Exchange Mutual was not a signatory to the primary contract, all unresolved disputes had to go to arbitration. *Id*. at 276.

NASIC's arguments against arbitration are unavailing. NASIC's Response confusingly argues a separate contract governs the dispute between the parties. But NASIC is estopped from taking a contrary position than it has taken in every other pleading in all of the litigation engendered by the discharged construction liens. For instance, in support of NASIC's request to set aside the clerk's default in this matter, NASIC argued "the only contract at issue in this case, and protected by the NASIC bond, is the one with non-party Eagle Construction Services, LLC." *See* ECF No. 4, PageID.110. Indeed, the primary basis for NASIC's request to set aside the default was that it has a meritorious defense, namely that Plaintiff's claim is subject to arbitration. *See id*., PageID.110-111(acknowledging the Eagle Construction Akins Contract is "the contract form[ing] the basis of this case, and it

7

is the contract for which NASIC provided a bond. This is critical because the contract has an arbitration provision.").

Similarly, in the MAG Wayne County Circuit Court case, NASIC successfully argued that MAG, as a non-signatory to the Eagle Construction Akins Contract, was subject to binding arbitration pursuant to the contract's sweeping arbitration clause. NASIC is estopped from taking a contrary position now that it is dissatisfied with the arbitrator's decisions.

NASIC has repeatedly conceded the construction liens dispute is subject to a binding arbitration provision between Akins and Eagle Construction, and that it stands in the shoes of Eagle Construction as the bond surety. There is currently an arbitration hearing scheduled for October of this year concerning the parties' breach of contract, unjust enrichment, and recovery on bond claims. NASIC cannot rebut the presumption that arbitration applies to the instant dispute.

### B. Sur-Reply

NASIC filed a Sur-Reply without seeking leave to do so. This Court's local rules require the filing of a response to a motion and permit the filing of a reply brief. *See* E.D. Mich. L.R. 7.1(f). The local rules do not permit the filing of a sur-reply brief. *Id.* The Court will strike Defendant's sur-reply for failure to comply with the Court's local rules.

## IV. CONCLUSION

Accordingly, for the reasons articulated above, Plaintiff's Motion to Enforce Arbitration [#21] is GRANTED.

Defendant's Sur-Reply [#29] is STRICKEN.

This case is STAYED and ADMINISTRATIVELY CLOSED pending arbitration. Either party may move to reopen the case upon the conclusion of the arbitration proceedings.

The Clerk of the Court SHALL administratively close this case.

SO ORDERED.

Dated: June 7, 2023 /s/Gershwin A. Drain
GERSHWIN A. DRAIN
United States District Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record by electronic and/or ordinary mail.

/s/ Teresa McGovern
Case Manager

9