UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AKINS CONSTRUCTION, INC.,

        Plaintiff,

v.

Case No.: 22-11331
Hon. Gershwin A. Drain

NORTH AMERICAN SPECIALTY
INSURANCE COMPANY, a New
Hampshire Corporation,

        Defendant.

_____/

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO OPEN PROCEEDINGS, FOR CONTEMPT AND CLARIFICATION OF THIS COURT'S OPINION AND ORDER ISSUED ON JUNE 7, 2023 [#34] AND ORDERING DEFENDANT TO ARBITRATE WITH ARBITRATOR JAMES CASE**

## I.   INTRODUCTION

On June 7, 2023, this Court entered an Opinion and Order Granting Plaintiff's Motion to Enforce Arbitration. *See* ECF No. 33. However, when the parties appeared before Arbitrator James Case on June 13, 2023, Defendant North American Specialty Insurance Company ("NASIC") objected to Mr. Case hearing the dispute, despite this Court's Opinion and Order compelling the Defendant to arbitrate the claims raised herein in the ongoing arbitration proceeding before Arbitrator James Case.

Now before the Court is Plaintiff Akins Construction, Inc.'s ("Akins") Motion to Open Proceedings, for Contempt and Clarification of this Court's Opinion and Order, filed on June 14, 2023. On June 19, 2023, Defendant filed its Response and Plaintiff filed its Reply on June 21, 2023.

Upon review of the parties' submissions, the Court concludes oral argument will not aid in the disposition of this matter. Accordingly, the Court will resolve Plaintiff's motion on the briefs. *See* E.D. Mich. L.R. 7.1(f)(2). For the reasons that follow, the Court grants in part and denies in part Plaintiff's Motion to Open Proceedings, for Contempt and Clarification of this Court's Opinion and Order and orders Defendant to arbitrate with Arbitrator James Case. The Court declines to find NASIC in contempt and declines to impose sanctions at this juncture and, therefore, denies the request for contempt and sanctions without prejudice.

## II. ANALYSIS

In its present motion, Akins seeks this Court's authority to sanction NASIC for failing to comply with the Court's Opinion and Order Enforcing Arbitration and to clarify that the instant dispute will be heard by Arbitrator James Case. Akins argues only contempt sanctions will force NASIC not to engage in gamesmanship and underhanded tactics.

"A decision on a contempt petition is within the sound discretion of the trial court." *Electrical Workers Pension Trust Fund of Local Union # 58, IBEW v.*

2

*Gary's Elec. Service Co.*, 340 F.3d 373, 378 (6th Cir.2003). "Contempt proceedings enforce the message that court orders and judgments are to be complied with in a prompt manner." *Id.* at 378-79 (citing *NLRB v. Cincinnati Bronze, Inc.*, 829 F.2d 585, 590 (6th Cir.1987)). In *Gary Electric*, the district court held an employer in contempt for failing to comply with the court's judgment enforcing an arbitration award requiring the employer to make past-due payments and to file and pay contributions as they became due. 340 F.3d at 378.

      Here, Akins' Motion to Enforce Arbitration and this Court's Opinion and Order Granting Akins' Motion to Enforce Arbitration solely referred to the ongoing arbitration proceeding pending before Arbitrator James Case, case number 22-001812.  The Court's Opinion and Order cites to Arbitrator Case hearing the entire parties' dispute.  *See* ECF No. 33.  Indeed, this Court concluded that "NASIC is estopped from taking a contrary position now that it is dissatisfied with the arbitrator's [James Case] decisions." *Id.,* PageID.782. The Opinion and Order further finds that "NASIC has repeatedly conceded the construction liens dispute is subject to a binding arbitration provision between Akins and Eagle Construction, and that it stands in the shoes of Eagle Construction as the bond surety. There is currently an arbitration hearing scheduled for October of this year concerning the parties' breach of contract, unjust enrichment, and recovery on bond claims. NASIC cannot rebut the presumption that arbitration applies to the instant

dispute." *Id.* Despite this Court's Opinion and Order holding that Arbitrator James Case shall hear the entire dispute, NASIC objects to Arbitrator Case hearing the instant matter. But this Court rejected NASIC's objections to Arbitrator Case hearing this matter in its June 7, 2023 Opinion and Order.

NASIC raises two arguments in support of its opposition to Arbitrator James Case: (1) the Akins versus NASIC dispute and the Mid-American Gunite, Inc. ("MAG") versus NASIC dispute are "separate matters [and should be] treated separately and retain their separate identities," and (2) "NASIC . . . has the right to select the arbitrator." ECF No. 35, PageID. 835, 840. Although this Court has opined that "NASIC is estopped from taking a contrary position than it has taken in every other pleading in all of the litigation," NASIC now argues that Akins and MAG are "separate matters [and should be] treated separately and retain their separate identities," and that MAG and Akins "recorded two separate liens." This argument is not well taken. The Akins' Lien in the amount of $629,709.34 includes MAG's Lien in the amount of $160,422.83.

NASIC's second argument–that "NASIC . . . has the right to select the arbitrator," is likewise without merit. Virtually every jurisdiction has ruled that exclusive control of arbitrators is invalid, unconscionable and unenforceable. *See McMullen v. Meijer, Inc.*, 355 F.3d 485, 494 (6th Cir. 2006), *Ruiz v Millenium Square Res. Assoc.*, 156 F.Supp.3d 176 (D.D.C. 2016) (Arbitration agreement that

4

gives plaintiff no say in the arbitrator selection process is unconscionable.), *Trout v Organizacion Mundial de Boxeo*, 965 F.3d 71 (1st Cir. 2020)(same); *Nino v. Jewelry Exchange*, 609 F.3d 191 (3rd Cir. 2010); *Pokorny v. Quixtar, Inc.*, 601 F.3d 987 (9th Cir. 2010)(same).

Based on the foregoing considerations, the Court grants Akins' request to reopen this matter to clarify the parties are required to arbitrate the instant dispute with Arbitrator James Case, case number 22-001812. The Court declines to find NASIC in contempt at this juncture, however failure to comply with the instant Opinion and Order shall result in a finding of contempt of court and the imposition of sanctions.

### III.  CONCLUSION

Accordingly, for the reasons articulated above, Plaintiff's Motion to Open Proceedings, for Contempt and Clarification of this Court's Opinion and Order Issued June 7, 2023 [#34] is GRANTED IN PART AND DENIED IN PART.

SO ORDERED.

Dated:  June 27, 2023               /s/Gershwin A. Drain
                                    GERSHWIN A. DRAIN
                                    United States District Judge

5

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
June 27, 2023, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Deputy Clerk